John R. HASSELL and Chaun Hassell,
husband and wife, Plaintiffs,

v.

The DIVISION OF MARINE TRANS-
PORTATION, et al., Defendants
and Third Party Plaintiffs,

v.

LOCKHEED SHIPBUILDING AND
CONSTRUCTION COMPANY,
Third Party Defendants.

No. C84–547C.

United States District Court,
W.D. Washington,
Seattle Division.

Aug. 29, 1985.

J. Markham Marshall, Preston, Thor-
grimson, Ellis & Holman, Seattle, Wash.,
for plaintiffs.

James P. Moynihan, Bauer, Moynihan &
Johnson, Seattle, Wash., for defendants
and third party plaintiffs.

Theodore L. Preg, Oles, Morrison, Rink-
er, Stanislaw & Ashbaugh, Seattle, Wash.,
for third party defendants.

ORDER ON MOTIONS

COUGHENOUR, District Judge.

THIS MATTER comes before the Court
on plaintiffs' Motion to Strike Affirmative
Defense and on defendants' Motion for
Partial Summary Judgment for Dismissal
of Unseaworthiness Claim. Oral argument
has not been requested. Upon due consid-
eration of the pleadings, affidavits, and
exhibits submitted by the parties, and the
Court being fully advised, plaintiffs' motion
is DENIED and defendants' motion is
GRANTED.

Plaintiffs John and Chaun Hassell com-
menced this action at law and in admiralty

to recover damages for personal injuries allegedly suffered by John Hassell while employed as a Third Assistant Engineer aboard the M/V COLUMBIA in 1981. The M/V COLUMBIA is a ferry vessel owned and operated on navigable waters by the State of Alaska as part of the Alaska Marine Highway System. Plaintiffs assert claims of negligence under the Jones Act, 46 U.S.C. § 688, and unseaworthiness, under general federal maritime law. All defendants are agencies or officials of the State of Alaska.

In their seventh affirmative defense, defendants have averred that plaintiffs' unseaworthiness claim is barred by the immunity conferred upon the State of Alaska by the Eleventh Amendment. Plaintiffs now move the Court to strike this defense, arguing that the State of Alaska has constructively waived its immunity by operating the Alaska Marine Highway System. Defendants, on the other hand, move the Court for partial summary judgment dismissing plaintiffs' unseaworthiness claim, on the ground that the immunity defense is dispositive of that claim as a matter of law.

■ Absent express or implied consent, a state is immune from suits brought by individuals under the admiralty jurisdiction of the federal courts. *In re State of New York,* 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); *Riggle v. State of California,* 577 F.2d 579 (9th Cir.1978); *see* U.S. Const. amend. XI. In the present action, then, the Court must determine whether the State of Alaska has so consented.

■ The State of Alaska has not expressly waived its Eleventh Amendment immunity from citizen suits in federal court. Alaska Statute 09.50.250, upon which plaintiffs partially rely, provides only that a person having a tort claim against the state "may bring an action against the state *in the superior court.*" Having found no decision of the Alaska courts suggesting a contrary interpretation, this Court concludes that AS 09.50.250 grants citizens the right to sue the State of Alaska only in that State's own courts. The legitimacy of such a limited waiver of

sovereign immunity is clear. *See Riggle,* 577 F.2d at 585 ("A state may waive immunity from suit in its own courts without thereby waiving its Eleventh Amendment immunity from suit in federal courts.").

■ Likewise, the Court finds that Alaska has not constructively waived its Eleventh Amendment immunity by operating the Alaska Marine Highway System upon the navigable waters of the United States. Although Congress may, in the exercise of a valid regulatory purpose, condition a state's entry into commerce on its waiver of immunity from suit, the critical question is whether Congress has in fact intended to do so. *See Parden v. Terminal Ry. of Alabama State Docks Department,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Employees of the Department of Public Health & Welfare v. Department of Public Health & Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *Riggle,* 577 F.2d at 584. As plaintiffs note, Alaska subjected itself to federal regulatory authority over navigable waters by creating and operating the Alaska Marine Highway System. However, this Court can find no indication in the governing regulations that Congress conditioned Alaska's ferry operation on its consent to private suits under the admiralty jurisdiction of the federal courts. Plaintiffs have not cited, and this Court has not found, a single decision reaching a contrary conclusion.

The State of Alaska having neither expressly nor constructively waived its Eleventh Amendment immunity from citizen suits under the general maritime law of the federal courts, plaintiffs' claim of unseaworthiness against the defendants cannot survive.

It is therefore ORDERED that plaintiffs' Motion to Strike Affirmative Defense is denied and defendants' Motion for Partial Summary Judgment for Dismissal of Unseaworthiness Claim is GRANTED.